UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LISA CHONG, et al.,<br><br>    Plaintiffs,<br><br>  v.<br><br>KIND LLC,<br><br>    Defendant. | Case No. 21-cv-04528-RS<br><br>**ORDER VACATING HEARING AND REQUESTING FURTHER BRIEFING** |

Plaintiffs in this putative class action advance claims nearly identical to those alleged in *Minor v. Baker Mills, Inc*., No. 20-cv-02901 RS, in which the plaintiff is represented by the same firm appearing on behalf of these plaintiffs. In both cases the plaintiffs allege defendants overstate the protein content of their food products. In *Minor*, the defendants' motions to dismiss on preemption and various other grounds were denied, and that matter is presently in briefing for class certification.

Defendant KIND, LLC, moves to dismiss the complaint here, making substantially the same arguments that were presented in *Minor.* KIND offers two basic reasons it believes a different result is now warranted. First, KIND presents an email exchange its counsel had with an FDA employee, which it contends shows the FDA's view on how the regulations should be interpreted supports its position and leads to a conclusion that the claims are preempted or that, at a minimum, the matter should be stayed under the primary jurisdiction doctrine. Second, KIND forthrightly "urges the Court to take a fresh look at the governing FDA regulations."

For more than one reason, it appears unlikely the email from the FDA employee supports a different outcome or that this case is otherwise distinguishable from *Minor*. The question, therefore, is whether the conclusion of *Minor* is on sound footing.

As reflected in the *Minor* order, the issue had been presented as a choice between calculating protein content under the so-called "nitrogen method," (as defendants insisted they were expressly permitted to do) or under the so-called "amino acid method" (which plaintiff argued was necessary to avoid giving a misleadingly high number). *Minor* concluded that for purposes of providing "% Daily Value," the protein content "used to derive that percentage *must* be calculated under the amino acid method." To support that conclusion, *Minor* cited 21 C.F.R. § 101.9(c)(7)(ii) ("The 'corrected amount of protein (gram) per serving' . . . is equal to the actual amount of protein (gram) per serving multiplied by the amino acid score corrected for protein digestibility . . . .").

Thus, it appears *Minor* may have conflated the so-called "amino acid method" for calculating the grams of protein in a product with the Protein Digestibility Corrected Amino Acid Score ("PDCAAS"). Defendant insists the PDCAAS, which is discussed in FDA regulations, is a fundamentally different thing from the "amino acid method" that plaintiffs allege they used to test the product and that they believe should be required. Plaintiffs seem to agree PDCAAS is not the same as their "amino acid method"—the theory here (and in an amended complaint in *Minor*) is that the protein claims are overstated *both* because of the use of the nitrogen method *and* because of a failure further to adjust for digestibility using PDCAAS.

While plaintiffs believe there is still no preemption, it is not clear that the protein content used to derive the "% Daily Value" must be calculated under the amino acid method, as opposed to merely being adjusted for digestibility using PDCAAS. Additionally, there appears to be at least an argument that requiring adjustments for digestibility when calculating "% Daily Value" is not inconsistent with allowing the number of grams of protein, calculated by the nitrogen method, to be stated on the box without such adjustments.

Plaintiffs' current briefing continues to blur the distinctions between the "amino acid

method" and PDCAAS. At least at this juncture, however, it appears *Minor's* finding that there was no preemption may rest on a mistaken understanding that the language in 21 C.F.R. § 101.9(c)(7)(ii) endorsed use of the amino acid method, as opposed merely to calling for application of PDCAAS.

Accordingly, the hearing set for September 30, 2021 is vacated. Within 10 days of the date of this order, plaintiffs may file a supplemental brief, not to exceed 12 pages, addressing these issues. Within a week thereafter, defendant may file a response, also limited to 12 pages. The matter will then be taken under submission, or set for argument, in the court's discretion.

**IT IS SO ORDERED**.

Dated: September 23, 2021

_____
RICHARD SEEBORG
Chief United States District Judge