**GUTRIDE SAFIER LLP**
SETH A. SAFIER (State Bar No. 197427)
seth@gutridesafier.com
MARIE A. MCCRARY (State Bar No. 262670)
marie@gutridesafier.com
HAYLEY REYNOLDS (State Bar No. 306427)
hayley@gutridesafier.com
100 Pine Street, Suite 1250
San Francisco, CA 94111
Telephone: (415) 639-9090
Facsimile: (415) 449-6469

MATTHEW T. MCCRARY (admitted *pro hac vice*)
KALI R. BACKER (admitted *pro hac vice*)
4450 Arapahoe Ave., Suite 100
Boulder, CO 80303
matt@gutridesafier.com
kali@gutridesafier.com
Telephone: (415) 639-9090
Facsimile: (415) 449-6469

*Attorneys for Plaintiffs*

**MAYER BROWN LLP**
DALE J. GIALI (State Bar No. 150382)
dgiali@mayerbrown.com
KERI E. BORDERS (State Bar No. 194015)
kborders@mayerbrown.com
DANIEL D. QUEEN (State Bar No. 292275)
dqueen@mayerbrown.com
350 South Grand Avenue, 25th Floor
Los Angeles, CA 90071-1503
Telephone: (213) 229-9509
Facsimile: (213) 625-0248

*Attorneys for Defendant KIND LLC*

UNITED STATES DISTRICT COURT FOR THE

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LISA CHONG AND ZACK SCHWARTZ, as individuals, on behalf of themselves, the general public and those similarly situated,<br><br>    Plaintiffs,<br><br> v.<br><br>KIND LLC,<br><br>    Defendant. | Case No.: 3:21-CV-04528-RS<br><br>**JOINT CASE MANAGEMENT STATEMENT** |

The parties, Lisa Chong and Zack Schwartz ("Plaintiffs") and KIND LLC ("Defendant" or "KIND"), submit this Joint Case Management Statement pursuant to this Court's Order entered October 26, 2021 (Dkt. #29), Rules 16 and 26(f) of the Federal Rules of Civil Procedure, Local Rule 16-9(a), and the Standing Order for All Judges of the Northern District of California.

**1.      Jurisdiction and Service:**

On June 11, 2021, Plaintiffs commenced this putative class action by filing a Class Action Complaint in United States District Court, Northern District of California. Defendant KIND LLC was served on June 17, 2021. Plaintiffs allege that this Court has subject matter jurisdiction pursuant to the Class Action Fairness Act of 2005, 28 U.S.C. § 1332(d) because: (i) there are 100 or more class members, and (ii) there is an aggregate amount in controversy exceeding $5,000,000, exclusive of interests and costs.

**2.      Facts:**

Plaintiffs' Statement:

KIND prominently advertises "10g PROTEIN" on the front of its Dark Chocolate Clusters. In reality, the product provides far less protein in a form that humans can use because KIND uses poor quality protein sources that humans cannot fully digest and that are deficient in certain amino acids essential to human protein synthesis. FDA regulations specifically prohibit manufacturers from making "a statement about the *amount or percentage* of a nutrient" on the front label of a product if that statement is "false or misleading *in any respect*." 21 C.F.R. § 101.13(i)(3) (emphasis added). If a nutrient claim violates any provision of § 101.13, then it "may not be made on the label." *Id.* § 101.13(b) For that reason, "the general rule is that 'nutrient content claims' are not permitted on food labels." *Reid v. Johnson & Johnson*, 780 F.3d 952, 959 (9th Cir. 2015) (emphasis added). By advertising 10 grams of protein, when its products provide nutritionally only 8.4 grams (and significantly less when adjusted for digestibility), KIND misleads consumers about the amount of protein they will actually receive from consuming the product. Accordingly, KIND's front label protein claims are impermissible and violate federal and parallel state law.

Defendant's products are also misbranded. Parallel state and federal regulations require any product that makes a protein claim to include in the nutrition facts panel the percentage of the daily value of the protein in the product based on its amino acid content and the "Protein Digestibility Corrected

Amino Acid" score (PDCAAS). Defendant's products prominently make protein content claims but most of its Products, such as the nut bars, nut clusters, cereals and oatmeal, fail to provide the required percent daily value of protein in the nutrition facts panel. The failure to include a percent daily value of protein also misleads consumers into believing the products provide far more protein than they actually do.

Plaintiffs Chong and Schwartz are California consumers who purchased KIND products after reading and relying on the truthfulness of Defendant's protein claims on the front of the product packages. But on each of the products Plaintiffs purchased, Defendant misrepresented the protein contents of the products as containing more grams of protein than they actually contain, and far more than they actually provide to the human body when adjusted by the PDCAAS. Had Defendant not misrepresented (by omission and commission) the true nature of the products, Plaintiffs would not have purchased them or, at a very minimum, Plaintiffs would have paid less for the products.

Defendant's Statement:

KIND manufactures various food products that are regulated by the federal Food, Drug, and Cosmetic Act ("FDCA") and related regulations promulgated by the U.S. Food and Drug Administration ("FDA"). FDA strictly regulates the labels of these products, including statements about their protein content, and KIND adheres to those regulations. In particular, KIND reports the total quantity of protein in its products using the "nitrogen method," an analytical method for calculating that quantity that is specifically required by FDA in 21 C.F.R. § 101.9. As permitted by 21 C.F.R. §§ 101.13(b)-(c), KIND places information about the total quantity of its products in statements elsewhere on its food labels. Pursuant to 21 C.F.R. § 101.13(o), for those separate statements, KIND uses the same analytical method (*i.e.*, the nitrogen method) for calculating total quantity, ensuring that the statements regarding total quantity of protein are the same on the Nutrition Facts Panel and elsewhere on the label.

After being threatened with a lawsuit in this action, KIND contacted FDA to confirm that its understanding of the regulations was correct. Specifically, KIND's counsel emailed the supervisor for FDA's Labeling Regulations Implementation Team, to which FDA has assigned the responsibility of "provid[ing] interpretation and implementation of regulations and policy under [FDA's] conventional food labeling program," and "provid[ing] policy, regulations, [and] guidance documents . . . governing all aspects of food labeling." FDA Staff Manual Guide 1231.200 at 2 (Oct. 9, 2020) (emphasis added),

*available at* https://tinyurl.com/rb9faj5u. In response, FDA's Division of Food Labeling and Standards—the parent division for the Regulations Implementation Team—confirmed that (a) "[t]he amount of protein declared in the Nutrition Facts label is calculated" using the nitrogen method, and (b) "[q]uantitative information about a nutrient, such as protein, that is displayed on the front of the package . . . must be consistent with the declaration of the quantitative amount of protein in the Nutrition Facts label."

Despite this guidance, Plaintiffs nevertheless have sued KIND, arguing that KIND must report the total quantity of protein in its products with adjustments based on PDCAAS. But that would be misleading to consumers and directly contradict FDA regulations. Accordingly, KIND has moved to dismiss Plaintiffs' claims as preempted, or alternatively for the Court to defer to FDA's primary jurisdiction.

Plaintiffs have also brought claims on two more grounds. First, Plaintiffs contend that, according to their unnamed "amino acid testing," KIND overstates the quantity of protein in its products. However, this testing method is not permitted by FDA, and is apparently based on testing of only one of the products purportedly at issue. Second, Plaintiffs contend that KIND fails to report the "percent daily value" of protein on certain products, but such claims are impliedly preempted and fail for lack of standing. KIND also contends that these claims are otherwise deficient, as explained in its pending motion to dismiss.

**3.    Legal Issues:**

Plaintiffs' Statement:

Plaintiffs allege five (5) causes of action: (1) violation of the Consumers Legal Remedies Act, Cal. Civ. Code § 1750, *et seq.*; (2) violation of the False Advertising Law, Bus. & Prof. Code § 17500, *et seq.*; (3) common law fraud, deceit and/or misrepresentation; (4) violation of the Unfair Competition Law, Bus. & Prof. Code § 17200, *et seq.*; (5) and unjust enrichment. (Compl. ¶¶ 75–119.)

Defendant's Statement:

KIND contends that Plaintiffs' claims are deficient in several respects, including that they are expressly and impliedly preempted by federal law; they fall within the primary jurisdiction of FDA; Plaintiffs lack Article III standing to pursue certain of their claims; Plaintiffs cannot seek equitable relief; and Plaintiffs' allegations are otherwise deficient.

**4.    Motions:**

Defendant filed a motion to dismiss on August 5, 2021. The Court heard oral argument on that motion on November 18, 2021.

The parties are hopeful that they will be able to resolve all their discovery disputes without the assistance of this Court, but disagreements about discovery are common in complex matters, and the parties may need to seek guidance on the scope or timing of that discovery, including through motion practice.

<u>Plaintiffs' Statement</u>:

Plaintiffs anticipate filing a motion for class certification. Plaintiffs reserve the right to file other motions as appropriate, including a motion for summary judgment (or partial summary judgment), and pretrial motions, including motions in limine.

<u>Defendant's Statement</u>:

KIND currently anticipates that if its motion to dismiss is not granted in its entirety, it may file motions for summary judgment or partial summary judgment.

**5.    Amendment of Pleadings:**

<u>Plaintiffs' Statement</u>:

Depending on facts learned in discovery, Plaintiffs may also seek to modify the proposed class. Moreover, as this is a class action, additional plaintiffs may seek to intervene or be added. Additionally, although Plaintiffs expect to prevail on the pending motion to dismiss, they request leave to amend their Complaint to address any deficiencies identified by the Court in making its ruling. Plaintiffs propose a deadline for amending pleadings nine (9) months after the Court rules on the pending motion to dismiss or any subsequent motion to dismiss, whichever is later.

<u>Defendant's Statement</u>:

KIND believes that nine (9) months is an excessive amount of time for plaintiffs to file an amended complaint if the Court grants them leave to amend and that a "rolling deadline" that adjusts with any subsequent motion to dismiss, as Plaintiffs propose, is not appropriate.

**6.    Evidence Preservation:**

The parties have reviewed the Guidelines Relating to the Discovery of Electronically Stored Information ("ESI Guidelines") and have met and conferred pursuant to Fed. R. Civ. P. 26(f) regarding

reasonable and proportionate steps taken to preserve evidence relevant to the issues reasonably evident in this action. The parties will continue to discuss whether and to what extent any additional steps may be necessary to ensure the preservation of relevant evidence.

Plaintiffs' Statement:

Plaintiffs have preserved evidence in their possession, custody, or control.

Defendant's Statement:

KIND has preserved evidence in its possession, custody, or control.

**7.    Disclosures:**

The parties exchanged their initial disclosures on September 13, 2021.

Plaintiffs' Statement:

Plaintiffs contend that KIND's initial disclosures are incomplete because KIND only disclosed one individual likely to have discoverable information and a single category of documents that it may use to support its defenses. On September 15, 2021, Plaintiffs identified these deficiencies to KIND in written correspondence. KIND refused to supplement its disclosures in any manner.

Defendant's Statement:

KIND disagrees that a Joint Case Management Statement is the appropriate place to litigate the sufficiency of the parties' initial disclosures, and KIND reserves all rights to object to Plaintiffs' disclosures. KIND has already responded at length to the purposed "deficiencies" identified by Plaintiffs in meet-and-confer correspondence, and KIND fully intends to supplement its disclosures if and when it is appropriate to do so pursuant to Federal Rule 26(e).

8.    **Discovery:**

The parties have exchanged proposed drafts of the Protective Order and Order re the Discovery of Electronically Stored Information.

Plaintiffs' Statement:

Plaintiffs served interrogatories, requests for admission, and requests for production on Defendant on August 31, 2021. KIND served its responses on September 30, 2021. KIND objected to every single request and did not provide a substantive response to any of the requests. KIND primarily objected on the basis that it was "premature" to respond to the discovery requests since the Court has not ruled on its motion

to dismiss, even though no stay has been entered in this case nor has KIND moved for a stay. In addition to written discovery, Plaintiffs may also subpoena non-parties. Plaintiffs also anticipate taking depositions pursuant to Fed. R. Civ. Pro. 30(b)(6).

KIND informally asks the Court for stay of discovery until the Court rules on its motion to dismiss and to bifurcate this case based on "the legal issue of interpretation of 21 C.F.R. § 101.9" and preemption. The Court should deny these requests.

The Federal Rules of Civil Procedure do not provide for an automatic stay of discovery when potentially dispositive motions are filed. *See, e.g., Salazar v. Honest Tea*, 2015 U.S. Dist. LEXIS 146357, at \*4 (E.D. Cal. 2015) ("Indeed, [federal] district courts look unfavorably upon such blanket stays of discovery because delaying or prolonging discovery can create unnecessary litigation expenses and case management problems.") (internal citation and quotation marks omitted). Further, "a party seeking a stay must make a '*strong showing*' of 'good cause' for its request." *Torliatt v. Ocwen Loan Servicing, LLC*, 2020 LEXIS 44056, at \*2 (N.D. Cal. Mar. 13, 2020); *see also Juniper Networks, Inc. v. Andrade*, 2020 U.S. Dist. LEXIS 111627, at \*3 (N.D. Cal. June 25, 2020). Given that KIND has not filed a motion requesting a stay and has already participated in discovery, albeit by making blanket objections to every request, it cannot satisfy this burden. *See id.; see also Seven Springs L.P. v. Fox Capital Mgmt. Corp.*, 2007 U.S. Dist. LEXIS 32068, at \*5-6 (E.D. Cal. 2007) ("The precise standard that this court will use in its discretion to stay discovery herein is whether [defendant] has shown, by clear and convincing evidence, that it will prevail on the merits of its dispositive motion. Any lesser standard encourages blanket discovery stays where such stays are probably not warranted").

Bifurcation based on "the legal issue of interpretation of 21 C.F.R. § 101.9" is also inappropriate. As an initial matter, the Court will decide that issue when it rules on the KIND's motion to dismiss. Second, in the event the Court rules that the regulation is unambiguous, discovery into "the legal issue of interpretation" is unnecessary because "[t]he regulation then just means what it means—and the court must give it effect, as the court would any law." *Kisor v. Wilkie*, 139 S. Ct. 2400, 2415 (2019). Further, the Supreme Court has made clear that only official agency interpretations are entitled to any deference, not ad hoc agency statements or other non-public documents that might require discovery to identify. *Kisor*, 139 S. Ct. at 2416-7. Finally, KIND's proposed bifurcation would not resolve all the issues in the cases

because KIND's preemption arguments do not affect Plaintiffs' claims relating to the omission of the daily value percent. As a result, bifurcation would increase costs, encourage discovery disputes over the scope of the first phase, and prejudice Plaintiffs since bifurcation would not resolve all the issues in the case.

As a final matter, Defendant's statement suggests that it intends to move for partial summary judgment on a single issue (i.e., the interpretation of 21 C.F.R. § 101.9), while contemplating future motion(s) for summary judgment on other subjects. It is Plaintiff's position that the parties should be limited to a single motion for summary judgment. *See e.g.*, *Landau v. Lamas*, 2019 U.S. Dist. LEXIS 128822, *2 (M.D. Pa. August 1, 2019) (finding that allowing multiple summary judgment motions "to be submitted piecemeal . . . has presented an extraordinarily cumbersome, confusing, and laboriously segmented approach to this case that has resulted in an unnecessary and wasteful use of judicial resources").

Defendant's Statement:

KIND again disagrees that a Joint Case Management Statement is the appropriate place to litigate the sufficiency of the parties' discovery requests and responses thereto, and it rejects Plaintiffs' characterization of KIND's responses to its discovery requests. Nevertheless, KIND's position is that it is not appropriate for discovery to proceed before the Court rules on the pending motion to dismiss, as the Court's order likely will affect the scope of (and potentially obviate the need for) discovery. *See, e.g.*, *Patel v. Nike Retail Servs., Inc.*, No. 14-cv-4781-RS (N.D. Cal. Oct. 17, 2016) (Seeborg, J.) (a stay of discovery is warranted pending resolution of a dispositive motion where such motion is "potentially dispositive of the issue at which discovery is directed" and that motion "can be decided absent discovery"); *Little v. City of Seattle*, 863 F.2d 681, 685 (9th Cir. 1988) (a "district court has wide discretion in controlling discovery," including stays of discovery). Further, to the extent the motion to dismiss does not resolve the issue, this case should be bifurcated to first address the legal issue of interpretation of 21 C.F.R. § 101.9 and the related preemption of plaintiffs' claims based on FDA's regulations and guidance to KIND, and then to address other issues related to the merits of Plaintiffs' claims, as appropriate. Accordingly, initial discovery should be limited to the legal issue of interpretation of § 101.9, and all additional fact and class discovery should follow summary judgment on that first issue.

Plaintiffs' apparent position—that wholesale discovery on the full scope of Plaintiffs' claims should begin immediately, before the motion to dismiss is decided—defies common sense and the

procedural history of this case. At this point, it is unknown which (if any) of Plaintiffs' claims and allegations will survive dismissal, and/or whether Plaintiffs will need to amend their complaint. The parties will not be able to conduct appropriately-tailored discovery until the motion to dismiss is determined. Not surprisingly, the Court has already continued the Case Management Conference twice.

Discovery is also premature given that a Protective Order and Order regarding Discovery of Electronically Stored Information are not yet in place. While the parties have engaged in preliminary discussions regarding the terms of those orders, the terms of those orders cannot be finalized until the Court rules on the motion to dismiss. For example, even if the Court does not dismiss Plaintiffs' claims against KIND, the Court's ruling could affect the scope of products or statements at issue, which in turn would affect the relevant collection dates, custodians, and search terms subject to those orders. If the Court does not dismiss the claims against KIND in their entirety, KIND expects the parties will be able to promptly prepare agreed orders for the Court's consideration.

**9. Class Action Matters:**

Plaintiffs' Statement:

Plaintiffs make the following disclosures as required by N.D. Cal. Civil L.R. 16-9(b).

Plaintiffs seek to represent the following groups of similarly situated persons, defined as follows:

- The Class: All natural persons within the United States who, between June 11, 2017, or earlier date within the applicable statute of limitations, and the date of preliminary approval purchased KIND products that claim a specific amount of protein on the front of the label.
- The California Subclass: All Class Members who reside in the State of California who purchased KIND products that claim a specific amount of protein on the front of the label.

Plaintiffs contend that this action involves common questions of law and fact to the potential classes because each class member's claim derives from the unfair and unlawful statements and omissions that led them to believe that the products have the amount of protein claimed on the front of the product package when, in truth, the products have considerably less protein and are misbranded. The classes are also sufficiently numerous as evidenced by, *inter alia*, Plaintiffs' Complaint. Plaintiffs are typical of the classes and their chosen counsel will adequately represent the proposed classes. Finally, common questions of law and fact predominate over individual questions, as proof of a common or single set of facts will establish the right of each member of the classes to recover. Among the questions of law and fact common to the classes are:

a)   The true nature of the protein content in the KIND products that claim a specific amount of protein on the front of the label ("Products");

b)   Whether the marketing, advertising, packaging, labeling, and other promotional materials for the Products are deceptive and/or unlawful because of misrepresentations;

c)   Whether Defendant's actions violate Federal and California laws invoked herein;

d)   Whether labeling the Products as containing more grams of protein than they actually provide causes the Products to command a price premium in the market as compared with similar products that do not make such misrepresentations;

e)   Whether Defendant's advertising and marketing regarding the Products sold to the class members was likely to deceive reasonable consumers;

f)   Whether representations regarding the number of grams of protein in the Products are material to a reasonable consumer;

g)   Whether Defendant engaged in the behavior knowingly, recklessly, or negligently;

h)   The amount of profits and revenues earned by Defendant as a result of the conduct;

i)   Whether class members are entitled to restitution, injunctive and other equitable relief and, if so, what is the nature (and amount) of such relief; and

j)   Whether class members are entitled to payment of actual, incidental, consequential, exemplary and/or statutory damages plus interest thereon, and if so, what is the nature of such relief.

Plaintiffs contend that the class can be certified consistent with the requirements of Fed. R. Civ. P. 23(b)(2) or (b)(3).

Plaintiffs' Proposed Certification Schedule:

| | |
|---|---|
| Deadline for Plaintiffs to file their motion for class certification and any expert report(s) in support thereof | Eight (8) months after Defendant files its answer to the operative Complaint |
| Deadline for Defendant to oppose the motion for class certification and produce any expert report(s) in support of its opposition | Eight (8) weeks after Plaintiffs file their motion for class certification |
| Plaintiffs' reply in support of motion for class certification | Six (6) weeks after Defendant files its opposition to the motion for class certification |

Defendant's Statement:

KIND strongly disagrees that common questions of law or fact predominate over individual questions and that the Products are sufficiently and adequately defined such that the proposed classes are appropriate for class certification and KIND will oppose any motion seeking such certification. KIND contends that it is premature to set a class certification schedule at this date. As noted in sections 8 and 17, KIND proposes that the schedule in this case be bifurcated to first address the legal issue of interpretation of 21 C.F.R. § 101.9, including preemption based on FDA's regulations and guidance to KIND, and that the parties propose a schedule for class certification after the Court resolves this issue in a motion (or motions) for partial summary judgment.

**10. Related Cases:**

Plaintiffs' Statement:

Plaintiffs are unaware of any other pending cases "related" to this case.

Defendant's Statement:

KIND agrees that there are no other pending cases "related" to this action. However, protein labeling impacts the entire food industry and since the filing of this case, plaintiffs' counsel has filed multiple other actions raising the same issue of interpretation of 21 C.F.R. § 101.9 that is at issue here, including at least the following:

- *Nacarino v. Kashi Co.*, 3:21-cv-07036-JSC (filed Sep. 10, 2021)
- *Brown v. The J.M. Smucker Co.*, 3:21-cv-6467-JCS (filed Aug. 20, 2021)
- *Brown v. Nature's Path Foods, Inc.*, 4:21-5132-HSG (filed July 2, 2021)
- *Brown v. Kellogg Company*, 3:21-cv-07388-LB (filed September 22, 2021)

**11. Relief:**

Plaintiffs' Statement:

As set forth in the Complaint, Plaintiffs are seeking certification of the proposed class, restitution, compensatory damages including statutory damages where available, punitive damages, treble damages, disgorgement of Defendant's wrongfully obtained profits, injunctive relief, costs, attorneys' fees, interest, and any other relief that the Court may deem just and proper.

Defendant's Statement:

KIND seeks judgment in its favor and reserves the right to seek litigation costs, including reasonable attorneys' fees, at the conclusion of this litigation.

**12.  Settlement and ADR:**

The parties each submitted ADR Certifications pursuant to Civil L.R. 16-8(b) and ADR L.R. 3-5(b) on September 1 and 2, 2021. The parties have discussed with their clients and each other whether this case might benefit from ADR dispute resolution options. The parties believe that ADR in this matter should be done through private mediation. The parties expect that they will be in a better position to assess timing of private mediation once the case has proceeded further.

**13.  Assignment to Judge Richard Seeborg for All Purposes:**

The case was assigned to Judge Richard Seeborg for all purposes on June 30, 2021.

**14.  Other References:**

At this time, the parties do not believe that these cases are suitable for MDL treatment, or reference to binding arbitration or a special master.

**15.  Narrowing of Issues:**

The parties do not believe that there is a need to narrow issues at this time.

**16.  Expedited Trial Procedure:**

The parties do not believe this case is suitable for treatment on an expedited basis.

**17.  Scheduling:**

Plaintiffs' Statement:

Plaintiffs have proposed a schedule for briefing on the anticipated motion for class certification above. Plaintiffs propose that remaining deadlines for the completion of fact and expert discovery and other pre-trial deadlines be set after this Court's order on class certification, when the parties will be better able to assess the remaining discovery and experts needed.

As explained in Section 8, Plaintiffs are opposed to KIND's request to bifurcate the case.

Defendant's Statement:

KIND proposes that this case be bifurcated to first address the legal issue of the interpretation of 21 C.F.R. § 101.9 before proceeding to class certification discovery and briefing. Unlike many food false advertising cases, plaintiffs' entire theory of deception is dependent on the proper interpretation of § 101.9.

Because interpretation of a regulation or statute is a legal question that should be determined by the Court (with input and guidance from FDA as KIND requests in its pending motion to dismiss), it would be more efficient if this issue was decided before the parties engage in expensive and time-consuming discovery that may be moot. As KIND notes above, many lawsuits relating to this specific issue are being filed by plaintiffs' counsel making this issue relevant not just to KIND, but to the entire food industry. KIND, therefore, proposes that discovery wait until after the Court's ruling on the pending motion to dismiss. If the Court determines that more information or briefing is necessary to decide the interpretation issue regarding § 101.9, then KIND proposes that the parties engage in a brief discovery period to address issues related to § 101.9 and then file motions for partial summary judgment regarding that legal issue in early March 2022. Following resolution of those motions, KIND proposes that the parties agree to a schedule for the remainder of discovery and pre-trial proceedings.

**18.   Trial:**

Plaintiffs have demanded a jury trial. The parties believe it is premature to estimate the length of the trial at this time.

**19.   Disclosure of Non-Party Interested Entities or Persons:**

Plaintiffs filed a Certificate of Interested Entities on August 5, 2021, and Defendant filed a Certificate of Interested Entities on September 13, 2021.

**20.   Professional Conduct:**

All attorneys of record for the parties have reviewed the Guidelines for Professional Conduct for the Northern District of California.

**21.   Other Matters:**

None at this time.

Dated: December 9, 2021.

/s/ Seth A. Safier
**GUTRIDE SAFIER LLP**
Seth A. Safier (State Bar No. 197427)
Marie A. McCrary (State Bar No. 262670)
Hayley Reynolds (State Bar No. 306427)
100 Pine Street, Suite 1250
San Francisco, CA 94111
Telephone: (415) 336-6545

/s/ Daniel D. Queen
**MAYER BROWN LLP**
Dale J. Giali (State Bar No. 150382)
Keri E. Borders (State Bar No. 194015)
Daniel D. Queen (State Bar No. 292275)
350 South Grand Avenue, 25th Floor
Los Angeles, CA 90071-1503
Telephone: (213) 229-9509

Facsimile: (415) 449-6469

Matthew T. McCrary (admitted *pro hac vice*)
Kali R. Backer (admitted *pro hac vice*)
4450 Arapahoe Ave., Suite 100
Boulder, CO 80303
Telephone: (415) 639-9090
Facsimile: (415) 449-6469

Attorneys for Plaintiffs

Facsimile: (213) 625-0248

Attorneys for Defendant